# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| COREY DELMAR SMITH, #36307-177, ) | | |
|     Plaintiff, ) | | |
| ) | | |
| v. ) | | 3:08-CV-1560-P |
| ) | | |
| SEAGOVILLE POLICE DEPARTMENT, ) | | |
|     Defendant. ) | | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

    Type of Case: This is a civil rights complaint brought by a federal inmate pursuant to 42 U.S.C. § 1983.

    Parties: Plaintiff is currently confined within the Federal Bureau of Prisons (BOP) at FCI Seagoville in Seagoville, Texas. Defendants are the Seagoville Police Department. The court has not issued process in this case pending preliminary screening.

    Statement of Case: The complaint alleges that the Seagoville Police Department violated Plaintiff's civil rights during a warrantless search of his vehicle on October 17, 2006, and the arrest that followed. Plaintiff seeks monetary damages.

    Findings and Conclusions: The court has permitted Plaintiff to proceed *in forma*

*pauperis*. His complaint is, thus, subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court. Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which *a prisoner* seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

28 U.S.C. § 1915A(a) and (b) (emphasis added). *See also* 28 U.S.C. § 1915(e)(2)(B).

Both sections 1915A(b) and 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Plaintiff names as the sole defendant the Seagoville Police Department. It is settled that a plaintiff may not bring a civil rights claim against a servient political agency or department unless such agency or department enjoys a separate and distinct legal existence. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991) (holding that a police department is not a jural entity). A governmental department cannot engage in litigation "unless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself." *Id.* Plaintiff's complaint fails to plead whether the Seagoville Police Department has ever been granted the capacity to sue or be sued.

RECOMMENDATION:

For the foregoing reasons, it is recommended that Plaintiff's complaint be DISMISSED

with prejudice as frivolous, *see* 28 U.S.C. § 1915A(b)(1), unless within ten (10) days of the date of this recommendation Plaintiff files an amended complaint naming a suable governmental entity and/or individual who is subject to suit under 42 U.S.C. § 1983.

A copy of this recommendation will be mailed to Plaintiff.

Signed this 19th day of September, 2008.

                                           WM. F. SANDERSON, JR.
                                           UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.